UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-03084-DMG-MAA                    Date:  May 27, 2021

Title:   Cherry v. Holm


Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge


|  James Muñoz  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

|  Attorneys Present for Petitioner:  |  Attorneys Present for Respondent:  |
| :---: | :---: |
| N/A | N/A |

**Proceedings (In Chambers):**          **Order To Show Cause Why Petition Should Not Be Dismissed As Unexhausted**

**Background**

On April 4, 2021, the Court received and filed Petitioner Donald Keith Cherry's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition").  (Pet., ECF No. 1.)  The Petition alleges one ground for federal habeas relief, stating as follows:

> Per Penal Code 664, I was supposed to be sentenced to half the sentence guidelines for attempted robbery.  So 1 [year], 18 [months], 2 ½ [years] was accurate.  I was given time for robbery 2 [years], 3 [years], 5 [years].  Mid term of (3 [years]) doubled to (6 [years]) for past strikes.  The deal was illegal in sentence guidelines.  I should have (18 [months]) or (3 [years]).

(*Id.* at 5.[1])

On April 19, 2021, the Court issued an Order identifying the following two procedural defects with the Petition:  (1) Petitioner's claim appeared to be unexhausted because Petitioner stated that he had not raised the claim in state court proceedings either on direct appeal or through a habeas corpus petition; and (2) Petitioner had not paid the $5 filing fee or submitted a completed request to

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-03084-DMG-MAA                    Date:  May 27, 2021

Title:    Cherry v. Holm

proceed *in forma pauperis* ("April 19 Order").  (Apr. 19, 2021 Or., ECF No. 4.)  The Court ordered Petitioner to respond to these issues by no later than May 19, 2021.  (*Id.* at 3–4.)

On April 26, 2021, the Court received and filed Petitioner's Request to Proceed *In Forma Pauperis*, with the required supporting documentation ("IFP Request").  (IFP Request, ECF No. 5.) On May 21, 2021, the Court granted Petitioner's Request ("May 21 Order").  (May 21, 2021 Or., ECF No. 7.)

On May 6, 2021, the Court received and filed Petitioner's Response to the Court's April 19 Order ("May 6 Response").  (May 6, 2021 Response, ECF No. 6.)

**Discussion**

In light of the Court's May 21 Order granting Petitioner's IFP Request, one of the two procedural issues identified in the Court's April 19 Order now has been resolved.  However, for the reasons discussed below, Petitioner's May 6 Response does not demonstrate that he has exhausted his claim in state court, as required to proceed under Section 2254.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-03084-DMG-MAA                    Date:  May 27, 2021

Title:     Cherry v. Holm

Here, Petitioner stated in the Petition that he has not presented his claim to the California courts either on direct appeal or by filing a habeas corpus petition in state court.  (Pet. 5.)  In his May 6 Response, Petitioner states that he "tried to exhaust all resources by filing grievances," but was told by the jail correctional officers that "'[it's] a court issue.'"  (May 6, 2021 Response 1.)  Indeed, as stated above, Petitioner must fairly present his claim to the California Supreme Court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  It appears that Petitioner has not presented his claim to the California Supreme Court, or any other state court, at this time. (*See* Pet.; May 6, 2021 Response.)  Because the Petition is wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

Out of consideration for Petitioner's *pro se* status, before the Court recommends dismissal of the action, the Court will afford Petitioner an additional opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust his claim in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **June 28, 2021**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Dismissal.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-03084-DMG-MAA                         Date:  May 27, 2021

Title:     Cherry v. Holm

Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order by June 28, 2021 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))